HELD ET AL., APPELLANTS, *v.* CITY OF ROCKY RIVER ET AL., APPELLEES.

(No. 51022—Decided October 14, 1986.)

*Joseph L. Coticchia,* for appellants.
*Gallagher, Sharp, Fulton & Norman* and *Alan M. Petrov,* for appellees Schwede Kitchens, Inc. and Ray W. Schwede.
*Reid, Johnson, Downes, Andrachik & Webster, Timothy T. Reid* and *Maureen A. Gravens,* for appellees city of Rocky River and Thomas M. Cahill.

NAHRA, J. James and Laurie Held, plaintiffs-appellants, seek reversal of an order granting summary judgment to the city of Rocky River, Schwede Kitchens, Inc., Ray W. Schwede and Thomas Cahill, defendants-appellees. Construing the evidence most strongly in favor of appellants, the following facts give rise to the appeal.

On March 20, 1982, a major fire occurred on the premises of Schwede Kitchens, Inc., located in Rocky River. The Rocky River Fire Department called the Fairview Park Fire Department to the scene pursuant to a mutual assistance agreement.

James H. Held, a Fairview Park fire fighter, responded with Fairview Park fire fighters to the fire. While assisting others in hooking up some hose lines, Held had occasion to observe a Rocky River fire fighter, Ralph Lamparter, struggling to remove a valve cap from a Rocky River pump truck. Held had what he thought was a better tool to remove the cap, and he began to try it. Noticing the cap seemed to be under pressure, he asked Lamparter to check whether the valve gate on the other side of the truck was open. Lamparter indicated that he thought the gate was closed, and he apparently went to check. Held, meanwhile, went to assist another fire fighter.

Held returned to find Lamparter again struggling to remove the cap. Held proceeded to try the cap again with his tool. At this point, Lamparter indicated the valve gate was closed. Held moved the cap slightly and, as he repositioned his wrench, the cap blew off the valve with great force, striking him in the chest and sending him flying backwards. Held hit his head on the ground and was knocked unconscious. Water gushed out of the valve directly onto him.

Thomas Cahill, an off-duty fire fighter for the city of Rocky River, observed the fire from a nearby restaurant, and followed a fire truck to the scene. He proceeded to assist the other fire fighters. After about thirty to forty minutes, Cahill saw Held go down and rushed to his assistance. Cahill and another fire fighter dragged Held out from under the rushing water.

The Helds' complaint theorized that Schwede and Schwede Kitchens, Inc. were liable for James Held's injuries because flammable, combustible and volatile materials were allegedly kept on the Schwede premises in a negligent manner. Regarding the city of Rocky River and Thomas Cahill, the complaint alleged negligent failure to properly maintain the pumper truck, negligent failure to cut off pressure to the valve, and negligence in the manner the Rocky River fire fighters assisted James Held when they pulled him away from the rushing water.

Appellees relied on several theories in their motions for summary judgment. Because the trial court did not indicate its basis for granting the motions, appellants have raised in their assignments of error each ground relied on by appellees below, and we address these in turn.

I

Appellants' first assignment of error is that:

"The trial court committed prejudicial error by finding that no genuine issue of material fact exists whether defendants Schwede Kitchens, Inc. and Ray W. Schwede breached a duty of care to plaintiff."

Appellants here challenge the assertion by Ray Schwede and Schwede Kitchens, Inc. that the "fireman's rule" precluded any liability of these defendants for their allegedly negligent maintenance of volatile substances on the premises.

In *Clary* v. *Ford Motor Co.* (Mar. 29, 1979), No. 38668, unreported, this court described the fireman's rule as follows at 5: "[A]n injured fireman may not recover from one whose only connection to the injury is that his negligence caused the fire." This is in accord with the early Ohio case of *City Services Oil Co.* v. *Dixon* (App. 1932), 14 Ohio Law Abs. 203, where the following general rule is stated in the first headnote:

"One who goes to assist in putting out a fire and is injured cannot establish liability on the part of the property owner for such injury by showing negligence in starting the fire, *but only by*

*showing some negligent act or omission after he went to the fire.''* (Emphasis added.)

Appellants attempt to avoid the effect of the fireman's rule by relying on *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163, 23 O.O. 2d 453, 192 N.E. 2d 38, which held that an exception to the rule exists where it is shown that a property owner's violation of a statutory duty, *created specifically for the benefit of fire fighters,* causes a fire fighter to suffer an injury. It should be noted that this theory is not present in appellants' complaint.

Appellants have simply not shown that the statutes they allege were violated by Schwede and Schwede Kitchens, Inc. were created for the special benefit of fire fighters. These statutes, which concern a property owner's duty to notify the fire department as soon as a fire is discovered, are obviously designed for the protection of the general public, although they are *incidentally* beneficial to fire fighters.[1] Thus, even assuming appellants presented sufficient evidence to show Schwede violated R.C. 3737.63 — something we do not decide — the exception they seek to invoke is inapplicable.

The assignment fails.

## II

Appellants' second assignment of error is that:

"The trial court committed prejudicial error by finding that the alleged negligence of the Rocky River Fire Department constituted an intervening cause which, as a matter of law, relieved defendants Schwede Kitchens, Inc. and Ray W. Schwede of liability."

Appellants argue that any negligence by Rocky River which resulted in James Held's injury was not an intervening cause negating liability of Schwede and Schwede Kitchens, Inc. This question is rendered moot by our disposition of the first assignment. We nonetheless address it pursuant to App. R. 12.

We agree with appellants that Rocky River's alleged negligence, asserted by Schwede and Schwede Kitchens, Inc. to be a superceding cause of James Held's injury, was not a proper ground on which to grant summary judgment to these defendants. Comment *c* to Section 453 of the Restatement of the Law 2d, Torts (1965) 491, cited by the court in *Cascone* v. *Herb Kay Co.* (1983), 6 Ohio St. 3d 155, 161, 6 OBR 209, 214, 451 N.E. 2d 815, 820, provides in part:

" '[I]f the liability of the actor depends upon the wrongful character of the intervening act of the third person, the judge should, if the evidence is conflicting, leave it to the jury to find what the intervening actor did, *and if there is a reasonable doubt as to whether his act, as it might be found by the jury, was or was not negligent, this*

---

[1] R.C. 3737.63, substantially identical to Rocky River Ordinances Section 1501.08, provides:

"(A) The owner, operator, or lessee, an employee of any owner, operator, or lessee, an occupant, and any person in direct control of any building regulated under the Ohio building code, upon the discovery of an unfriendly fire, or upon receiving information that there is an unfriendly fire on the premises, shall immediately, and with all reasonable dispatch and diligence, call or otherwise notify the fire department concerning the fire, and shall spread an alarm immediately to all occupants of the building.

"(B) For the purposes of this section, 'unfriendly fire' means a fire of a destructive nature as distinguished from a controlled fire intended for a beneficial purpose.

"(C) No person shall fail to comply with this section."

*question should also be left to them.' "* (Emphasis added.)

Since the question of whether Rocky River was even negligent is not resolved on this record, it would have been impossible for the trial court to determine whether such negligence was a superceding cause of the injury to James Held.

### III

Appellants' third assignment of error is that:

"The trial court committed prejudicial error by finding that defendant city of Rocky River is immune from liability as a matter of law under Ohio Revised Code § 701.02."

R.C. 701.02, in force at the time of the incident in question, provided in relevant part:

"The defense that the officer, agent, or servant of the municipal corporation was engaged in performing a governmental function, shall be a full defense as to the negligence of:

"'* * *

"(B) Members of the fire department while engaged in duty at a fire, or while proceeding toward a place where a fire is in progress or is believed to be in progress, or in answering any other emergency alarm."[2]

Appellants first argue under this assignment that, because Cahill was not technically "on duty" when he arrived at the scene of the fire, neither he nor Rocky River may escape liability under R.C. 701.02 for Cahill's alleged negligence in pulling James Held from the rushing water. R.C. 701.02 provides immunity, however, to fire fighters while engaged *in duty* at a fire, which Cahill clearly was. One of a fire fighter's most important obligations while engaged in duty is surely to assist fellow fire fighters who are imperiled. The construction of R.C. 701.02 urged by appellants could well have the effect of discouraging "off-duty" fire fighters from responding to major fires in their jurisdiction absent an official call, surely an absurd result not contemplated by the legislature. We therefore decline the construction urged. R.C. 1.47(C).

Appellants also assert that R.C. 701.02 does not protect Rocky River from liability with respect to the city's alleged *negligent maintenance* of the truck.[3] While this argument is well-taken, it will be seen that our holding concerning appellants' fifth assignment of error, *infra,* negates the necessity of reversal as to the "negligent maintenance" claim.

### IV

Appellants' fourth assignment of error is that:

"The trial court committed prejudicial error by finding defendants city of Rocky River and Thomas Cahill immune from liability as a matter of law under Ohio Revised Code § 2305.23, the Good Samaritan Statute."

We have already determined that Rocky River and Thomas Cahill are, under R.C. 701.02, immune from liability respecting Cahill's allegedly negligent assistance to James Held after the latter had fallen to the ground. With respect to the present assignment, we hold that R.C. 2305.23 was an equally valid ground for summary judgment concerning the "negligent assistance" claim.

R.C. 2305.23 provides as follows:

"No person shall be liable in civil damages for administering emergency

---

[2] R.C. 701.02 has been repealed and replaced by R.C. 2744.02.

[3] This argument seems to concede that summary judgment *was* appropriate as to the alleged negligence of Rocky River firemen in their actions concerning the valve cap *at the scene* of the fire.

care or treatment at the scene of an emergency outside of a hospital, doctor's office, or other place having proper medical equipment, for acts performed at the scene of such emergency, unless such acts constitute willful or wanton misconduct.

"Nothing in this section applies to the administering of such care or treatment where the same is rendered for remuneration, or with the expectation of remuneration, from the recipient of such care or treatment or someone on his behalf. The administering of such care or treatment by one as a part of his duties as a paid member of any organization of law enforcement officers or fire fighters does not cause such to be a rendering for remuneration or expectation of remuneration."

It is unrebutted on this record that James Held had been knocked to the ground and pinned there by a continuous stream of rushing water. This was clearly an emergency situation to which Cahill responded by removing Held from the danger. It may thus be said as a matter of law that Cahill rendered emergency care to Held, and is immune under the language of R.C. 2305.23 for any alleged negligence in doing so.

The assignment fails.

## V

Appellants' fifth assignment of error is that:

"The trial court committed prejudicial error by finding plaintiffs' claims barred as a matter of law by Ohio Revised Code §§ 4123.74 and 4123.741."

R.C. 4123.74 provides:

"*Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment,* or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval of time in which such employer is permitted to pay such compensation directly to his injured employees or the dependents of his killed employees, whether or not such injury, occupational disease, bodily condition, or death is compensable under sections 4123.01 to 4123.94, inclusive, of the Revised Code." (Emphasis added.)

Appellants argue this statute does not immunize Rocky River from liability for James Held's injuries because a provision of the mutual assistance agreement between Rocky River and Fairview Park shows Held was not an employee of Rocky River when he was injured. The provision relied on by appellants, paragraph 5, states:

"All personnel of the responding party, while responding to a call of a calling party, shall be acting within the scope of their employment by the responding party, while en route to, en route from, and while acting within the territory of the calling municipality."

In *Daniels* v. *MacGregor Co.* (1965), 2 Ohio St. 2d 89, 31 O.O. 2d 141, 206 N.E. 2d 554, the Ohio Supreme Court held that the critical question in determining whether an employer-employee relationship exists for the purpose of R.C. 4123.74 is whether the supposed employer has the " 'right to control the manner or means of performing the work.' " *Id.* at 94, 31 O.O. 2d at 143, 206 N.E. 2d at 557, quoting *Behner* v. *Indus. Comm.* (1951), 154 Ohio St. 433, 43 O.O. 360, 96 N.E. 2d 403, paragraph one of the syllabus.

There is no doubt on this record that the Rocky River Fire Department had the right to control James Held in the performance of his work at the scene of the fire. James Held so stated at several points during his deposition.

Moreover, his statements were consistent with paragraph 6 of the mutual assistance agreement, which states:

"6. On any occasion or at any place to which additional assistance is called under and pursuant to the terms of this agreement, the senior officer or officer in charge of the Fire Department of the calling municipal corporation present shall have full charge and authority over such assisting equipment and personnel of the responding municipal corporation."

Appellants' reliance on paragraph 5 of the mutual assistance agreement is thus unavailing. Regardless of how the visiting fire fighter's relationship to his "home" department is characterized in that paragraph, the right of the calling department to control the means or method of work performance makes it the employer, thereby immunizing it from liability under R.C. 4123.74. Cf. *Vandriest* v. *Midlem* (1983), 6 Ohio St. 3d 183, 6 OBR 239, 452 N.E. 2d 321 (the fact that another entity is responsible for compensating an employee and paying workers' compensation premiums does not alter employer-employee relationship between worker and entity which controls activities at work site).

The assignment fails.

## VI

Appellants' sixth assignment of error is that:

"The trial court committed prejudicial error by finding as a matter of law that plaintiff assumed the risk of his own injuries."

Appellants argue the trial court erred if it granted the defendants summary judgment on the ground James Held "assumed the risk" of his own injuries. While this question is entirely mooted by our disposition of the foregoing assignments, we agree that assumption of the risk was not a proper ground for the trial court's summary judgment orders.

The affirmative defenses of assumption of the risk and contributory negligence have been merged, and are to be considered under R.C. 2315.19, the comparative negligence statute. *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 6 OBR 170, 451 N.E. 2d 780. The record reflects that, were it not for the immunity from liability enjoyed by appellees, genuine issues of fact would exist regarding the apportionment of fault among the parties.

## VII

Appellants' seventh assignment of error is that:

"The trial court committed prejudicial error by sustaining defendants' objection to plaintiffs' request that the court view a videotape showing the occurrence of plaintiff's injuries before the court made its ruling on defendants' motion for summary judgment."

Appellants sought and were denied permission from the trial court to introduce a videotape of the accident in order to support their opposition to summary judgment. Aside from the serious question of whether a videotape may be introduced, over objection, at the summary judgment phase,[4] nothing in the videotape could possibly

---

[4] Civ. R. 56(C) governs the types of evidence which may be considered in summary judgment proceedings, and provides in relevant part:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *No evidence or stipulation may be considered except as stated in this rule. * * *"* (Emphasis added.)

have changed the trial court's conclusion that appellees were immune from liability for any negligence resulting in injury to appellants.

The assignment fails.

*Judgment affirmed.*

MARKUS, C.J., concurs.

PRYATEL, J., concurs in judgment only.