HERDMAN ET AL., APPELLANTS, *v.* WEISS, APPELLEE.

(No. 54352 — Decided
October 24, 1988.)

*John P. Fox Co., L.P.A.,* and *John P. Fox,* for appellants.

*Davis & Young Co., L.P.A.,* and *Paul D. Eklund,* for appellee.

J.V. CORRIGAN, J. The appellants, Daniel Herdman and his wife, Nancy Herdman, are appealing the trial court's granting of summary judgment in favor of the defendant-appellee, Leonard Weiss.

Appellant Daniel Herdman is employed as a firefighter for the city of Lakewood, Ohio. On June 26, 1984, Herdman responded to a fire on the appellee's premises located at 860 Beach Road in Lakewood. While advancing a hose line at the fire, Herdman alleges, he stepped into an hole or depression on the appellee's property. Consequently, the appellant suffered a knee injury which has required medical treatment.

On March 27, 1986, the appellant-firefighter filed a claim in negligence against the appellee-homeowner. The homeowner's answer included the affirmative defense that the appellants had failed to state a claim on which relief could be granted. Then, on August 28, 1986, the homeowner filed a motion for summary judgment which was granted by the court on July 21, 1987.

The appellants filed a timely notice of appeal on August 19, 1987.

The appellants now bring one assignment of error:

"The common pleas court erred in granting a summary judgment in favor of defendant thus upholding the strict firemen's rule of no liability to the landowner if a fireman is injured on the premises while fighting a fire."

This assignment of error is meritless.

The appellants contend that the trial court erred in finding for the appellee, as a matter of law, on his motion for summary judgment. We find no such error.

Civil Rule 56(C) provides:

"* * * Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * *"

In their complaint, the appellants alleged that, while answering a call to extinguish a fire on the appellee-homeowner's premises, "plaintiff stepped into a hole which had been created and maintained by the Defendant and which had filled with water. Defendant failed to mark the depression and failed to warn the Plaintiff of the hazard of which he was aware."

Following the filing of his answer, the homeowner filed a motion for summary judgment wherein he claimed that his liability, as alleged by the appellants, was precluded by the "Firemen's Rule," as adopted by the Ohio Supreme Court:

"[T]he duty of an owner of private premises toward policemen and firemen who come upon his premises by authority of law in the performance of their official duties and suffer injury should be only that duty owed to a licensee * * *." *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163, 171, 23 O.O. 2d 453, 458, 192 N.E. 2d 38, 43. The court's noted ex-

ception to premises owner immunity from suits by firemen and policemen provides that the owner will be liable for his willful or wanton negligence resulting to injury to a policeman or fireman while working within the scope of his employment.

As such, a fireman answering a call to extinguish a fire on a property owner's premises is a licensee. "The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from wantonly· or willfully causing injury." *Light* v. *Ohio Univ.* (1986), 28 Ohio St. 3d 66, 68, 28 OBR 165, 167, 502 N.E. 2d 611, 613. See, also, *Held* v. *Rocky River* (1986), 34 Ohio App. 3d 35, 516 N.E. 2d 1272.

In the instant case, the appellants brought their claim in negligence. On his motion for summary judgment, the appellee-homeowner claimed:

"Plaintiff simply stepped into a hole, twisted his knee and was injured. There is no allegation, nor evidence, that Defendant wilfully and wantonly caused Plaintiff's injury, nor is there an allegation that Defendant actively created the hole in question. Plaintiffs have not cited any statute or ordinance that would impose any duty upon Defendant, Leonard Weiss. A fireman takes the premises as he finds them; he cannot hold the landowner liable for injuries resulting from existing conditions even though the landowner might be negligent in allowing those conditions to exist."

" '[A] motion for summary judgment shall only be granted when there is no *genuine* issue as to any material fact and the moving party is entitled to judgment as a matter of law.' " (Emphasis *sic*.) *Kunkler* v. *Goodyear Tire & Rubber Co.* (1988), 36 Ohio St. 3d 135, 147, 522 N.E. 2d 477, 488.

On· his motion for summary judgment, the appellee-homeowner challenged the appellants' failure either to allege or establish a claim for willful or wanton negligence. The homeowner's motion for summary judgment further challenged the appellants to establish, with appropriate documentary evidence that there was a genuine issue for trial as a matter of law. See Civ. R. 56(C).

In this case, the movant's summary judgment challenge mandated that the appellants establish specific facts demonstrating a genuine issue under Ohio law as to whether Daniel Herdman, as a firefighter, had suffered injury on the property owner's premises due to the owner's willful and wanton negligence. See *Rayburn* v. *J.C. Penney Outlet Store* (1982), 3 Ohio App. 3d 463, 464, 3 OBR 544, 545, 445 N.E. 2d 1167, 1169. The appellants, however, failed to make the requisite showing in rebutting the homeowner's motion.

In rebuttal to the appellee-homeowner's motion for summary judgment, the appellants set forth a policy argument against the long-standing Firemen's Rule. The appellants argued that "the precedent in Ohio should be set aside in favor [of] a new doctrine of premises liability." The appellants, however, neither claimed nor supplied appropriate documentary evidence that Daniel Herdman had suffered injury in the scope of his employment as a fireman due to the homeowner's willful and wanton negligence. Rather, he offered evidence solely as to the nature and extent of his injuries.

Accordingly, we find that the trial court did not err in granting summary judgment in favor of the appellee-homeowner since the appellant-firefighter has failed to establish a genuine issue for trial under Ohio law.

*Judgment affirmed.*

PRYATEL, C.J., and KRUPANSKY, J., concur.