ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
{¶ 2} Plaintiffs-appellants Thomas and Ali Smyczek ("plaintiffs") appeal from the trial court's order that entered summary judgment in favor of defendant-appellee Lana Hovan (defendant). Plaintiffs urge reversal contending that genuine issues of material fact exists concerning whether three of the four exceptions delineated in Ohio's Fireman's Rule apply to preclude summary judgment. For the reasons set forth below, we affirm the judgment of the trial court.
{¶ 3} The appropriate standard of review compels us to construe the facts in a light most favorable to plaintiffs as the non-moving party. The facts, construed under this standard, provide that plaintiff Thomas Smyczek, a police officer, sustained injuries in November 1997 while responding to a reported burglary at rental premises owned by defendant. Officer Smyczek stated that approximately 3/4 inch to 1 inch of snow covered the ground, including a sandstone sidewalk on the premises. Photographs that are contained in the record depict the "sidewalk" as a group of unattached and spaced sandstones near the side of the residence. Officer Smyczek provided deposition testimony that he slipped on the premises and affidavit testimony that "he slipped due to the uneven nature of the sidewalk."
{¶ 4} The tenant who occupied the premises at the time of the incident, and who had reported the alleged burglary, submitted an affidavit stating that in January 1997 she "fell on the sandstone sidewalk" and had "informed [defendant] that [she] had fallen, informed her of the condition of the sidewalk, and informed her of [the tenant's] injury." (Palmer Aff.). There is no evidence whatsoever that would identify the area of the sidewalk where the plaintiff slipped or where the tenant allegedly slipped.
{¶ 5} Plaintiffs submitted conflicting evidence as to whether defendant was inside the premises at the time of the incident. The tenant stated that she observed defendant inside the premises on the date of the incident during the entire time that the officers where searching the premises. However, Officer Smyczek testified that "the only person that was there with [the officers] when [they] went in [the premises] was the complainant, the victim [that is, the tenant]." (Smyczek Depo. p. 15). Regardless of whether defendant was actually inside the premises at that time, there is no evidence to refute defendant's testimony that she did not know that Officer Smyczek was on the premises on the date of the incident.
{¶ 6} Defendant moved for summary judgment submitting Officer Smyczek's deposition testimony and defendant's affidavit in support. Plaintiffs opposed summary judgment and submitted affidavits of Officer Smyczek, his partner on the date of the incident, and the tenant. Plaintiffs also submitted photographs of the sidewalk taken months after the incident, and defendant's discovery responses. The trial court granted defendant's motion and plaintiffs appeal assigning the following error for our review:
 {¶ 7} I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT, AS THERE ARE GENUINE ISSUES OF MATERIAL FACT AND DEFENDANT IS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW.
{¶ 8} In an appeal concerning an award of summary judgment, we employ a de novo review. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105; Zemcik v. La Pine Truck Sales Equipment
(1998), 124 Ohio App.3d 581, 585. Summary judgment is appropriate where:
 {¶ 9} (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. Horton v. Harwick Chem. Corp. (1995), 73 Ohio St.3d 679, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt (1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264, 273-274.
{¶ 10} Zivich v. Mentor Soccer Club (1998), 82 Ohio St.3d 367,369-70. Once the moving party satisfies its burden, the non-moving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Civ.R. 56(E); Mootispaw v. Eckstein (1996),76 Ohio St.3d 383, 385.
{¶ 11} Ohio's Fireman's Rule applies in this case. The Ohio Supreme Court has set forth the Fireman's Rule as follows:
 {¶ 12} An owner or occupier of private property can be liable to a fire fighter or police officer who enters premises and is injured in the performance of his or her official job duties if (1) the injury was caused by the owner's or occupier's willful or wanton misconduct or affirmative act of negligence; (2) the injury was a result of a hidden trap on the premises; (3) the injury was caused by the owner's or occupier's violation of a duty imposed by statute or ordinance enacted for the benefit of fire fighters or police officers; or (4) the owner or occupier was aware of the fire fighter's presence on the premises, but failed to warn them of any known, hidden danger thereon. (Scheurer v. Trustees of Open Bible Church [1963], 175 Ohio St. 163, 23 Ohio Op.2d 453, 192 N.E.2d 38, paragraph two of the syllabus, followed.)
{¶ 13} Hack v. Gillespie (1996), 74 Ohio St.3d 362, syllabus. The Ohio Supreme Court has further determined that the Fireman's Rule is "grounded on policy considerations, not artificially imputed common-law entrant classifications [i.e., licensees or invitees]." Id. at 365-366.
{¶ 14} The court in Hack reasoned that the limited duty owed by landowners and occupiers to police and firemen as set forth in the Fireman's Rule is supported by the following facts:
 {¶ 15} Fire fighters and police officers assume risks by the very nature of their chosen profession * * *. Members of our safety forces are trained to expect the unexpected. Such is the nature of their business.
 {¶ 16} The risks they encounter are of various types. A fire fighter, might be attacked by a family dog. He or she might slip on an object in the middle of a yard or on a living room floor. An unguarded excavation may lie on the other side of a closed doorway, or the fire fighter might be required to climb upon a roof not realizing that it has been weakened by a fire in the attic. Fortunately, Ohio has statutory compensation schemes which can temper the admittedly harsh reality if one of our public servants is injured in the line of duty.
{¶ 17} Id. at 367. Accordingly, in order to overcome summary judgment plaintiff must show that the facts fell within at least one of the four exceptions of the Fireman's Rule.
{¶ 18} Plaintiffs contend that the facts of this case arguably fall within the first, second, and fourth exceptions stated in the Fireman's Rule.
 {¶ 19} A. Willful or wanton misconduct or affirmative act of negligence.
{¶ 20} Plaintiffs rely on unreported case law from the Fifth and Second Appellate Districts in urging that the first exception applies.Evans v. Kissack (Sept. 26, 1996), Licking App. No. 95 CA 102, unreported; Spitler v. Select Tool and Die Co. (June 2, 1992), Montgomery App. No. CA-12791, unreported.
{¶ 21} In both Evans and Spitler, the facts expressly reflected that the defendants knew that the officers/investigators were on the premises. Spitler, supra (the defendant "obviously knew of the investigators presence"); Evans, supra (defendant's testimony indicated that she "knew the officers were on the premises prior to [the officer's] fall"). In contrast, there is no evidence in this case to refute the defendant's statement that she did not know of the officer's presence on her rental property on the date of Officer Smyczek's injury.
{¶ 22} Similarly in both Evans and Spitler, the defendants engaged in some affirmative act that the courts found created an issue of fact under this exception. In particular, in Evans, the officers responded to a reported burglary in progress on the premise. The defendant in Evans
yelled "run" causing the officers to chase suspects that they believed to be escaping out of the back door. In Spitler, the court found that a jury could conclude that the defendant was actively negligent in failing to reasonably answer the investigator's direct questions. In this case, however, there is no evidence of any affirmative act by the defendant.[1]
Accordingly, even construing the evidence in a light most favorable to plaintiffs, reasonable minds could not conclude that defendant engaged in any affirmative act of negligence.
{¶ 23} We next examine whether defendant's failure to repair the unevenness in the sandstone sidewalk amounts to wanton or willful misconduct. Viewing the evidence in a light most favorable to plaintiffs, we must assume that prior to Officer Smyczek's injury, defendant knew that at least one other person had been injured on the uneven sandstone sidewalk. (Palmer Aff.). Yet, there is no evidence indicating where any of the alleged injured persons fell on the sidewalk.
{¶ 24} In 1996, the Ohio Supreme Court examined the issue of wanton or willful misconduct in the context of the Fireman's Rule, where a fireman was injured leaning over a railing that gave way due to not being properly secured to the roof. Hack, 74 Ohio St.3d at 362. The court in Hack determined that even if the defendant had actual knowledge of the condition of the railing, the record did not contain any evidence of willful or wanton misconduct or affirmative act of negligence on the part of the defendant because he was not at the residence at the time and wasnot aware of the fireman's presence on the premises. Id. at 369 (emphasis added); see, also, Scheurer, 175 Ohio St. at 171-172 (defendant did not engage in willful or wanton misconduct or an act of affirmative negligence where police officer fell into an unguarded, unlighted excavation on the property).
{¶ 25} Following the guidance of the Ohio Supreme Court, the trial court did not err in finding that the facts in this case do not support a finding of willful or wanton misconduct or affirmative act of negligence on the part of the defendant.
{¶ 26} B. Hidden trap.
{¶ 27} Plaintiffs urge that reasonable minds could conclude that the snow covered sidewalk constituted a hidden trap on the premises. We disagree. In both Scheurer and Hack, the Ohio Supreme Court addressed this issue and determined that no hidden trap existed. In Scheurer, the court found that an unlighted, unguarded excavation did not amount to a hidden trap. Likewise, in Hack, the court found that an improperly secured railing was not a hidden trap. In this case, the uneven sidewalk was covered by a natural accumulation of snow. Assessing the evidence in the context of the Ohio Supreme Court authority, the trial court did not err in finding that the evidence and case law do not support a finding of a hidden trap on the premises.
 {¶ 28} C. Awareness of officer's presence on the premises and failure to warn of any known, hidden danger thereon.
{¶ 29} While there is disputed evidence as to whether or not the defendant was actually inside the residence on the premises at the time of the officer's injury, this does not create a factual dispute on the material fact of the defendant's awareness of the officer's presence. As set forth above, there is no evidence to contradict the defendant's sworn statement that she was not aware of the officers presence on the premises. Ibid. On this basis, we find that the facts, even construed in a light most favorable to plaintiffs do not fit within this exception to the Fireman's Rule.
{¶ 30} In addition, we find that the snow-covered sidewalk in this case would not qualify as a hidden danger under the Fireman's Rule. While the photographs in the record illustrate some unevenness at different points between various stones, there is no indication that the plaintiff fell in any of those locations. And, the photographs illustrate a loose configuration of sandstones imbedded into what appears to be the natural grading of the yard on the side of the house. A yard that is unevenly graded in the proportions reflected in the photograph cannot be a hidden danger under the Fireman's Rule. See, Scheurer, 175 Ohio St. at 171-172
(an open excavation on the property is not a hidden trap).[2]
Accordingly, we find that the risk encountered by Officer Smyczek in this case is akin to the various risks that the Ohio Supreme Court considers that firefighters and police officers assume by the very nature of their chosen profession. Hack, 74 Ohio St.3d at 367. For this additional reason, we find that this exception does not apply.
{¶ 31} For the foregoing reasons, the trial court properly entered summary judgment on behalf of the defendant.
Judgment affirmed.
It is ordered that appellee recover of appellants her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., and DIANE KARPINSKI, J., CONCUR.
[1] We recognize that the tenant claims to have seen the defendant inside the property from her vantage point from across the street. This statement, however, does not establish any affirmative act of negligence or willful or wanton misconduct by the defendant. Further, plaintiff's testimony is that the only person in the property at that time was the tenant.
[2] We also note that, depending on wind and weather conditions, snow does not necessarily fall and accumulate on land evenly. This would not amount to a hidden danger under the Rule.