BEAVER, APPELLANT, ET AL. *v.* H. ZUSSMAN & SON COMPANY, APPELLEE.

*Steven J. Chabot,* for appellant.
*Christopher K. Barnes* and *K. Roger Schoeni,* for appellee.

(No. C-870311 — Decided April 6, 1988.)

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

On July 1, 1984, appellant, Charles L. Beaver, a Cincinnati police officer, responded to a burglar alarm at the appellee's premises on Elm Street. In an effort to gain entrance to the second floor of the building, which provided access to the roof, appellant and another officer attempted to pull down a vertical, pulley-operated fire escape ladder located approximately ten feet above ground level. The ladder would not release. Appellant then stood on the top of a police cruiser to reach the ladder. The ladder provided access to a platform at the second-floor level which, in turn, enabled appellant to reach the roof to investigate the bur-

glary. After completing his investigation of the roof appellant returned to the platform and then proceeded to descend the ladder. As he began his descent the ladder released, causing appellant to sustain injuries when he fell onto the hood of the police cruiser and then to the ground.

Appellant and his wife, Mara Beaver, filed a complaint for the injuries suffered by appellant and for the loss of consortium suffered by his wife. Appellee, H. Zussman & Son Co., filed a motion for summary judgment. The trial court granted appellee's motion for summary judgment. Appellant has timely appealed.

Appellant, for his single assignment of error, alleges the trial court erred in granting appellee's motion for summary judgment. Appellant argues that the fire escape was defective and constituted a hidden trap, that the defective fire escape violated Section 1201-21 of the Cincinnati Fire Prevention Code requiring that all fire escapes be maintained in a safe and proper operating condition, and that the existence of actual or constructive notice on the part of appellee of the defective condition of the fire escape was a question of fact. We do not agree.

The Supreme Court held in *Scheurer* v. *Trustees of the Open Bible Church* (1963), 175 Ohio St. 163, 23 O.O. 2d 453, 192 N.E. 2d 38, paragraphs one and two of the syllabus:

"1. A policeman entering upon privately owned premises in the performance of his official duty without an express or implied invitation enters under authority of law and is a licensee.

"2. Where a policeman enters upon private premises in the performance of his official duties under authority of law and is injured, there is no liability, where the owner of the premises was not guilty of any willful or wanton misconduct or affirmative act of negligence; there was no hidden

trap or violation of a duty prescribed by statute or ordinance (for the benefit of the policeman) concerning the condition of the premises; and the owner did not know of the policeman's presence on the premises and had no opportunity to warn him of the danger."

The Supreme Court recently stated in *Brady* v. *Consolidated Rail Corp.* (1988), 35 Ohio St. 3d 161, 519 N.E. 2d 387, at paragraph one of the syllabus, that the liability of a landowner to a police officer who enters the land in the performance of his official duty, and suffers harm due to a condition of a part of the land held open to the public, is the same as the liability of the owner to an invitee. *Brady* is clearly distinguishable from the case *sub judice*, as the fire escape ladder was not a part of appellee's land held open to the public. Therefore, appellant was a licensee at the time he was injured on appellee's property.

Appellant admitted that he looked at the ladder, determined it was not locked and used it to gain access to the roof to perform his official duty. It was not until he began his descent upon the ladder that it released and he fell. Based upon the evidence presented in the record, we cannot say that the fire escape ladder constituted a hidden trap. Appellant does not allege any willful or wanton misconduct on the part of appellee. The record contains no evidence that appellee had actual or constructive notice of any defect in the fire escape ladder. The duty owed by appellee to appellant, as a licensee, was to refrain from willful or wanton misconduct, from affirmative acts of negligence, from maintaining a hidden trap, and from violating a statute or ordinance that prescribes an act for the benefit of a police officer.

Before the doctrine of negligence *per se* applies, one must find that the ordinance prescribes a specific act intending to benefit a person claiming under it. This ordinance under the fire prevention code had the specific purpose to prescribe minimum requirements and controls to safeguard life, property or the public welfare from the hazards of fire in the use or occupancy of buildings. There being no specific intent to benefit the police officer, the ordinance does not prescribe a duty for the benefit of a police officer who elects to use a fire escape ladder in the performance of his official duty. Section 1201-21 of the Cincinnati Fire Prevention Code prescribes no duty for the benefit of a police officer who comes upon private premises to perform his official duty and is a licensee under the law.

We point out, as did the Supreme Court in *Scheurer, supra,* that policemen are not without remedy for injuries suffered on private premises while carrying out their duties, as their injuries are compensable under the Workers' Compensation Act.

Pursuant to Civ. R. 56(C), a motion for summary judgment may be granted if the court, upon reviewing the inferences to be drawn from the facts in a light most favorable to the opposing party, determines that no genuine issue of material fact remains, that the movant is entitled to judgment as a matter of law and that reasonable minds can come to but one conclusion and that conclusion is adverse to the party opposing the motion. *Temple* v. *Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 4 O.O. 3d 466, 472, 364 N.E. 2d 267, 274. Following a complete review of the record, we find the trial court did not err in granting appellee's motion for summary judgment.

Appellant's single assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

KLUSMEIER, P.J., BLACK and UTZ, JJ., concur.