[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO STRIKE #108
On August 27, 2001, Fred M. Pope, the plaintiff, filed a single count complaint against Emilio S. Sotil, the defendant, alleging the following facts. On September 17, 1999, the plaintiff was working as a patrolman for the Westport Police Department, blocking off a road because a tree limb had fallen and knocked power lines onto the roadway. As the plaintiff attempted to prevent the defendant from operating his motor vehicle over the power lines, the defendant struck the plaintiff and engaged him in a physical struggle, causing the plaintiff to suffer injuries and damages. The injuries and damages suffered by the plaintiff were the result of the negligence and carelessness of the defendant, in that the defendant neglected and failed for some period of time prior to the incident to take his prescribed medication and undergo psychiatric treatment for his bipolar disorder. As a result, he was psychotic when the incident occurred so that he struck and physically struggled with the plaintiff
The defendant filed his motion to strike on November 5, 2001, on the ground that the plaintiff fails to state a claim upon which relief can be granted because the plaintiffs claim is barred by the "firefighter's rule." The plaintiff filed his objection to the motion to strike on November 21, 2001, and the defendant filed a reply on December 3, 2001.
 DISCUSSION
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). The role of the trial court in ruling on a motion to CT Page 4388 strike is "to examine the [complaint], construed in favor of the [plaintiff], to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.)Dodd v. Middlesex Mutual Assurance Co., 242 Conn. 375, 378, 698 A.2d 859
(1997).
"The firefighter's rule has well developed roots in the common law. Although the rule had its origins in a social system in which the landowner was sovereign within its own boundaries and owed a licensee only the duty not to injure him wilfully or wantonly . . . the jurisdictions that have applied the rule in recent years have offered more cogent reason to justify its continued viability.
"The most compelling argument for the continuing validity of the rule is the recognition that firefighters and police officers often enter property at unforeseeable times and may enter unusual parts of the premises under emergency circumstances. . . . Such public officers enter the land regardless of the owner's consent; indeed, if the conditions for the exercise of their public duty exist, the owner would not be privileged to exclude them. . . . Recognizing that only invitees may rely on an implied representation of safety, courts have considered it unreasonable to require landowners to undertake the same standard of care for public officers whose presence the landowners can neither predict nor interdict." (Citations omitted; internal quotation marks omitted.)Furstein v. Hill, 218 Conn. 610, 616-17, 590 A.2d 939 (1991). "A majority of [Connecticut] trial courts that have addressed [the firefighter's rule] have held that the rule precludes liability only where the firefighter or police officer's injury arises from the official's presence on private property." Feliciano v. Williams, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 356091 (May 15, 2000, Skolnick, J.).
In his memorandum, the defendant argues that the plaintiffs allegations fail to state a cause of action because the plaintiff was engaged in the performance of his duties at the time he claims he was injured, and, therefore, his claim is barred by the firefighter's rule. QuotingFournier v. Battista, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 472570 (July 16, 1996, Handy, J.), the defendant argues that "[t]he intent behind the fireman's rule was to prohibit all causes of action by [a] police officer that resulted while the officer was engaged in the performance of his official duties." Because the plaintiff was engaged in the performance of his official duties at the time the accident occurred, the defendant argues that his action is barred by the firefighter's rule.
In opposition, the plaintiff claims that the firefighter's rule is a CT Page 4389 premises liability claim, which only bars causes of action that occur when a safety officer is engaged in the performance of his duties on private property. According to the plaintiff, Connecticut courts have refused to extend the rule to a situation where a police officer is injured while performing his duties on public property at the time of the accident. In the present case, the plaintiff was performing his official duties on public property at the time of the accident. Therefore, the plaintiff argues, the firefighter's rule cannot apply to bar his cause of action.
The plaintiff is correct to argue that the firefighter's rule applies to causes of action which occur when a safety officer is engaged in his official duties on private property. "A majority of the trial courts that have addressed this rule have held that the rule precludes liability only where the firefighter or police officer's injury arises from the officer's official presence on private property. . . . No Connecticut Appellate Court has extended the rule to a situation . . . in which the injury to the safety officer occurred on public property." (Citations omitted; internal quotation marks omitted.) Reynolds v. WatersConstruction Co., Superior Court, judicial district of New Britain at New Britain, Docket No. 495698 (June 19, 2001, Shapiro, J.).
Additionally, in Furstein v. Hill, supra, 218 Conn. 617, n. 1, the court noted that "an exception to the rule may exist when a police officer is injured by a defective condition on a portion of the land held open to the public at a time when the public might reasonably be expected to be present, and courts have indeed recognized such an exception. This exception is noted in the Restatement (Second) of Torts, § 345(2), which provides that `[t]he liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as a liability to an invitee.' See Bradyv. Consolidated Rail Corporation, 35 Ohio St.3d 161, 163-64, 519 N.E.2d 387
(1988) (affirming reversal of a summary judgment in favor of the defendant railroad company because the plaintiff police officer was injured in a railroad right-of-way that the defendant company was statutorily obligated to keep in good repair for the benefit of all the members of the public)."
In Levandoski v. Cone, Superior Court, judicial district of New London at New London, Docket No. 542714 (August 30, 2001, Robaina, J.), the court surmised that "the firefighter's rule should be extended to non-premises liability cases." The facts in Levandoski, however, are distinguishable from the facts in the present case. In Levandoski, the plaintiff police officer was dispatched to a residence in response to a complaint. After arriving at the residence, the plaintiff chased the defendant some distance from the residence into a section of the property CT Page 4390 which consisted of a steep incline. The plaintiff fell on the incline, suffering injuries. Similarly, in Fournier v. Battista, supra, Superior Court, Docket No. 472570, on which the defendant relies, the plaintiff police officer was dispatched to the defendant's home. When the plaintiff police officer arrived at the defendant's home, he observed the defendant brandishing a gun on the defendant's front lawn. The plaintiff was injured while attempting to subdue the defendant. In the present case, the plaintiff was never on private property; he was dispatched to a public location and his encounter with the defendant occurred at that location.
For the foregoing reasons, the defendant's motion to strike the plaintiffs complaint is denied.
 ___________________ GALLAGHER, JUDGE.