DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Ross County Common Pleas Court summary judgment in favor of Daniel Heskett, defendant below and appellee herein, and Jeffrey M.J. Boyce.[1]
 {¶ 2} Ricky M. Torchik, plaintiff below and appellant herein, assigns the following error for review: *Page 2 
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF THE PLAINTIFF-APPELLANT WHEN IT GRANTED DEFENDANT-APPELLEE DANIEL HESKETT'S MOTION FOR SUMMARY JUDGMENT BY APPLYING THE `FIREMAN'S RULE' BEYOND THE SCOPE OF THE PROPERTY OWNERS AND APPLYING THE RULE TO INDEPENDENT CONTRACTORS."
 {¶ 3} In February 2003, appellant, a Ross County Sheriff's Deputy, visited Boyce's property to investigate a burglar alarm. While on the property, he suffered injuries when the steps of a wooden deck collapsed. Appellee, a building contractor, constructed the house, the deck, and the steps. Appellant subsequently filed a complaint against Boyce and appellee and alleged that they were negligent.
 {¶ 4} Both Boyce and appellee requested summary judgment and asserted that the "fireman's rule" barred appellant's claims. The trial court agreed and granted both Boyce and appellee summary judgment. The court recognized that no Ohio court had expanded the rule to apply to non-property owners, such as an independent contractor who performed work upon the premises, but reasoned that "it would seem anomalous to apply the fireman's rule only to the owner or occupier of property and thus restrict the owner or occupier's liability while the contractor's liability would be governed by traditional concepts of negligence, thus requiring a determination as to whether the officer is a licensee or invitee." This appeal followed.
 {¶ 5} In his sole assignment of error, appellant asserts that the trial court erred by granting summary judgment in appellee's favor. Specifically, he asserts that the trial *Page 3 
court improperly concluded that the fireman's rule applies to negligence claims against independent contractors. Appellant argues that the rule applies only in the context of a premises liability claim against the owner or occupier of the property, not against an independent contractor who performed work upon the property.
 A SUMMARY JUDGMENT STANDARD {¶ 6} Appellate courts conduct a de novo review of a trial court summary judgment decisions. See, e.g., Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, appellate courts must independently review the record to determine whether summary judgment is appropriate and need not defer to the trial court's decision. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711, 622 N.E.2d 1153; Morehead v. Conley (1991),75 Ohio App.3d 409, 411-412, 599 N.E.2d 786. Thus, to determine whether a trial court properly granted summary judgment, an appellate court must review the Civ.R. 56 standard as well as the applicable law. Civ.R. 56(C) provides:
 Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Thus, a trial court may not grant summary judgment unless the evidentiary materials demonstrate that: (1) no genuine issue as to any material fact remains to be litigated; *Page 4 
(2) after the evidence is construed most strongly in the nonmoving party's favor, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party; and (3) the moving party is entitled to judgment as a matter of law. Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164.
 B NEGLIGENCE ACTION {¶ 7} A negligence action requires a plaintiff to establish that: (1) the defendant owed the plaintiff a duty of care; (2) the defendant breached the duty of care; and (3) as a direct and proximate result of the defendant's breach, the plaintiff suffered injury. See, e.g., Texler v. D.O. Summers Cleaners (1998), 81 Ohio St.3d 677, 680, 693 N.E.2d 217; Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 142, 539 N.E.2d 614; Menifee v. Ohio Welding Products, Inc. (1984), 15 Ohio St.3d 75, 472 N.E.2d 707. If a defendant points to evidence to illustrate that the plaintiff will be unable to prove any one of the foregoing elements and if the plaintiff fails to respond as Civ.R. 56 provides, the defendant is entitled to judgment as a matter of law. See Feichtner v. Cleveland (1994), 95 Ohio App.3d 388, 394, 642 N.E.2d 657; Keister v. Park Centre Lanes (1981), 3 Ohio App.3d 19, 443 N.E.2d 532.
 {¶ 8} In this case, the central dispute is the duty, if any, that appellee, an independent contractor, owed to appellant, a police officer. Appellee claims that the fireman's rule sets forth the applicable duty. Appellant counters that the rule does not apply to his claim against appellee, a non-landowner or non-occupier, and because the rule does not apply, ordinary negligence principles define appellee's duty.
 C THE FIREMAN'S RULE *Page 5 {¶ 9} The fireman's rule is a special, limited duty rule that a landowner or occupier owes a firefighter or police officer who suffers injury while on a property owner's premises in a professional capacity. The rule provides: "An owner or occupier of private property can be liable to a fire fighter or police officer who enters premises and is injured in the performance of his or her official job duties if (1) the injury was caused by the owner's or occupier's willful or wanton misconduct or affirmative act of negligence; (2) the injury was a result of a hidden trap on the premises; (3) the injury was caused by the owner's or occupier's violation of a duty imposed by statute or ordinance enacted for the benefit of fire fighters or police officers; or (4) the owner or occupier was aware of the fire fighter's presence on the premises, but failed to warn [him] of any known, hidden danger thereon. (Scheurer v. Trustees of Open Bible Church [1963],175 Ohio St. 163, 23 Ohio Op.2d 453, 192 N.E.2d 38, paragraph two of the syllabus, followed.)" Hack v. Gillespie (1996), 74 Ohio St.3d 362,658 N.E.2d 1046, syllabus.
 {¶ 10} The Ohio Supreme Court first adopted the fireman's rule in Scheurer v. Trustees of Open Bible Church (1963), 175 Ohio St. 163,23 O.O.2d 453, 192 N.E.2d 38. In that case, a police officer suffered injuries when he fell into an open excavation pit while investigating a reported break-in at the premises. The court held that the police officer could not recover against the property owner for negligence and stated: "A policeman entering upon privately owned premises in the performance of his official duty without an express or implied invitation enters under authority of law and is a licensee. Where a policeman enters upon private premises in the performance of his official duties under authority of law and is injured, there is no liability, where the owner of the premises was not guilty of any willful or wanton misconduct or affirmative act of *Page 6 
negligence; there was no hidden trap or violation of a duty prescribed by statute or ordinance (for the benefit of the policeman) concerning the condition of the premises; and the owner did not know of the policeman's presence on the premises and had no opportunity to warn him of the danger." Id. at paragraphs one and two of the syllabus.
 {¶ 11} In Brady v. Consolidated Rail Corp. (1988), 35 Ohio St.3d 161,519 N.E.2d 387, the court re-visited the fireman's rule. In Brady, a police officer suffered injuries while pursuing a suspect. The officer fell and hit his knee on a piece of loose rail laying on railroad tracks as he exited the police cruiser to chase the suspect. He subsequently filed a complaint against the railroad company.
 {¶ 12} On appeal, the Ohio Supreme Court considered "whether a police officer injured in the performance of his duties on a railroad right-of-way is a licensee or invitee with respect to the railroad." Id. at 162. The court held "that the liability of a landowner to a police officer who enters the land in the performance of his official duty, and suffers harm due to a condition of a part of the land held open to the public, is the same as the liability of the owner to an invite." Id. at 163. Thus, unlike Scheurer, Brady involved a part of land held open to the public. The Brady court explained the rationale for its holding in Scheurer: "In holding the policeman to be a mere licensee, this court was guided by the fact that police officers * * * are likely to enter premises at unforeseeable times and venture into unlikely places, typically in emergency situations. Thus, the landowner cannot reasonably anticipate their presence nor prepare the premises for them, and the police officer must take the premises as the owner himself uses them. `Policemen and firemen come on the premises at any hour of the day or night and usually because of an emergency, and they go to parts of the premises where people ordinarily would not go. Their presence cannot reasonably be anticipated by the owner, *Page 7 
since there is no regularity as to their appearance and in most instances their appearance is highly improbable.'" Id. at 163, quoting Scheurer, 175 Ohio St. at 171. "However, where a policeman enters into an area of the landowner's property which is held open for the use of the general public, where it is reasonable for the landowner to expect police presence and prepare for it, the police officer stands in the same position as others being an invitee, albeit implied, toward whom the landowner must exercise ordinary care." Id. at 163. The court noted that Colorado, Illinois, Nebraska, New Jersey, and New York adopted a similar exception to the fireman's rule, and that the Restatement adopts this view: "`The liability of a possessor of land to a public officer or employee who enters the land in the performance of his public duty, and suffers harm because of a condition of a part of the land held open to the public, is the same as the liability to an invitee.'" Id., quoting Section 345(2).
 {¶ 13} The court gave its most recent pronouncement of the fireman's rule in Hack. In Hack, a firefighter suffered injuries when he responded to a fire and leaned over an improperly-secured railing on the porch that collapsed and caused him to fall to the ground. The firefighter asked the supreme court to "overrule Scheurer and hold that a landowner owes a duty of reasonable care, in all instances, to fire fighters who enter upon the private premises in the exercise of their official duties." Id. at 365. The firefighter alternatively requested the court to limit Scheurer "so that a fire fighter can recover against a negligent landowner where, as here, the dangerous condition that caused the injury was in no way associated with the emergency to which the fire fighter responded." Id. at 365. The court stated that these arguments "miss the fundamental purpose upon which the holding in Scheurer is based." Id. The court conceded that it had previously "determined that the duty of care owed by a landowner to a fire fighter *Page 8 
(or police officer) stems from common-law entrant classifications, i.e., licensees or invitees. However, Ohio's Fireman's Rule is more properly grounded on policy considerations, not artificially imputed common-law entrant classifications. Indeed, persons such as fire fighters or police officers who enter land pursuant to a legal privilege or in the performance of their public duty do not fit neatly, if ever, into common-law entrant classifications." Id. at 365-366 (footnotes omitted).
 {¶ 14} The Ohio Supreme Court thus abandoned a premises liability rationale to justify the fireman's rule and instead used various policy rationales to explain the rule:
 "First, fire fighters and police officers can enter the premises of a private property owner or occupant under authority of law. Hence, fire fighters and police officers can be distinguished from ordinary invitees. Second, because a landowner or occupier can rarely anticipate the presence of safety officers on the premises, the burdens placed on possessors of property would be too great if fire fighters and police officers were classified, in all instances, as invitees to whom a duty of reasonable care was owed. Third, the rule has been deemed to be justified based on a cost-spreading rationale through Ohio's workers' compensation laws. In this regard, this court has recognized that all citizens share the benefits provided by fire fighters and police officers and, therefore, citizens should also share the burden if a fire fighter or police officer is injured on the job."
Hack, 74 Ohio St.3d at 367 (citations omitted).
 {¶ 15} Hack further stated that the rationale behind the fireman's rule is based upon firefighters' and police officers' assumption of certain risks that exist "by the very nature of their chosen profession." Id. The court also recognized that *Page 9 
"[t]he risks encountered are not always directly connected with arresting criminals or fighting fires," explaining: "Members of our safety forces are trained to expect the unexpected. Such is the nature of their business. The risks they encounter are of various types. A fire fighter, fighting a fire, might be attacked by the family dog. He or she might slip on an object in the middle of a yard or on a living room floor. An unguarded excavation may lie on the other side of a closed doorway, or the fire fighter might be required to climb upon a roof not realizing that it has been weakened by a fire in the attic. Fortunately, Ohio has statutory compensation schemes which can temper the admittedly harsh reality if one of our public servants is injured in the line of duty." Id. at 367. Thus, under Hack the risk encountered neednot be one directly associated with the firefighter's or police officer's response to the situation.
 {¶ 16} The court also noted that it would be unfair to impose the ordinary standard of care applicable to a landowner-invitee situation because "fire fighters can enter a homeowner's or occupier's premises at any time, day or night." Id. Unlike an invitee whom the landowner expects and for whom the landowner can prepare the premises, the landowner cannot anticipate an emergency responder's presence on the property and thus has no time to ensure the premises are safe for a firefighter or police officer responding to an emergency. As the court explained, firefighters and police officers "respond to emergencies, and emergencies are virtually impossible to predict. They enter *Page 10 
locations where entry could not be reasonably anticipated, and fire fighters often enter premises when the owner or occupier is not present." Id. at 368. The court found that abrogating the fireman's rule would impose "too great a burden" on landowners and occupiers. Id. at 368.
 {¶ 17} In the case at bar, we agree with the trial court's conclusion that an independent contractor who performed work upon private property may invoke the fireman's rule to bar an injured public safety officer's negligence claim. Although Ohio courts traditionally have applied the rule in the landowner context, nothing in the cases suggests that the rule is limited to the landowner context. Here, the homeowner had complete control of the premises and the appellee was not actively involved in any construction projects. Furthermore, as the Hack court observed, police officers and firefighters are trained to expect the unexpected and to encounter potentially perilous situations, irrespective of whether a landowner or a third party created the situation that ultimately caused the police officer's or firefighter's injury.[1] We believe that in the case sub judice, appellant's injuries are better compensated through the workers' compensation system, rather than through a civil action against an independent contractor. We, however, welcome further review *Page 11 
and scrutiny of this rule and its application as we believe, in light of Hack, that any modification should originate with the Ohio Supreme Court.
 {¶ 18} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, J.: Concurs in Judgment Only
Kline, J.: Dissents
[1] Appellant initially appealed the trial court's decision as it relates to Boyce, the landowner, but subsequently withdrew the assignment of error. Boyce then filed a motion requesting that we dismiss him from the appeal. We grant Boyce's motion to dismiss and consider this appeal only as it relates to Heskett.
[1] We note that the fireman's rule exists in the majority of other jurisdictions, but it has many variations. See, e.g., Levandoski v. Cone (Conn. 2004), 267 Conn. 651, 841 A.2d 208; Flowers v. Rock Creek Terrace Ltd. Partnership (Md. 1987), 308 Md. 432, 520 A.2d 361; Pottebaum v. Hinds (Iowa 1984), 347 N.W.2d 643; Kreski v. Modern Wholesale Elec. Supply Co. (Mich. 1987), 429 Mich. 347, 415 N.W.2d 178. *Page 1