TORCHIK, APPELLANT, *v.* BOYCE; HESKETT, APPELLEE.

[Cite as *Torchik v. Boyce,* **121 Ohio St.3d 440, 2009-Ohio-1248.**]

*Torts — Premises liability — Fireman's rule inapplicable to protect independent contractor.*

(No. 2008-0534 ─ Submitted December 16, 2008 ─ Decided March 25, 2009.)

APPEAL from the Court of Appeals for Ross County,

No. 06CA2921, 2008-Ohio-399.

_____

SYLLABUS

An independent contractor whose negligence is alleged to have caused injury to police officers or firefighters acting in the scope of their official duties is not relieved of potential liability under the fireman's rule.

_____

LANZINGER, J.

{¶ 1} In this case, we are asked to determine whether the "fireman's rule" should be extended to protect independent contractors from liability toward firefighters and police officers for injuries they sustain while in the scope of their employment.

**I. Case Background**

{¶ 2} Appellant, Ricky Torchik, had been a deputy sheriff for Ross County for over ten years on February 4, 2003. That afternoon while on road patrol, he was dispatched to investigate a sounding home burglar alarm at a residence he had been called to several times before. After finding the front door locked, he went to the back of the house and climbed the steps of a wooden deck

to check the rear windows and doors. As Torchik walked down a second set of deck steps, the steps collapsed, and he sustained injury.

{¶ 3} Torchik filed a complaint against the owner of the property, Jeffrey Boyce, and the contractor who had built the house, deck, and stairs, appellee, Daniel Heskett. Boyce and Heskett filed motions for summary judgment, arguing that Torchik's claims were barred by the fireman's rule. In granting Heskett's motion, the trial court observed that although it was unable to find any authority extending the fireman's rule to a contractor, "it would seem anomalous to apply the fireman's rule only to the owner or occupier of property and thus restrict the owner or occupier's liability while the contractor's liability would be governed by traditional concepts of negligence * * *." The trial court also granted Boyce's motion for summary judgment.

{¶ 4} Torchik appealed the order granting summary judgment to the independent contractor, Heskett.[1] The Fourth District Court of Appeals affirmed the trial court's judgment, noting that the homeowner rather than the independent contractor had complete control over the property, that police officers and firefighters are trained to expect the unexpected, and that Torchik's injuries are better compensated through the workers' compensation system. *Torchik v. Boyce*, 4th Dist. No. 06CA2921, 2008-Ohio-399, ¶ 17.

{¶ 5} We accepted Torchik's discretionary appeal on the issue of whether the fireman's rule should be extended to independent contractors to bar negligence claims for injuries that firefighters and police officers sustain while in the scope of their employment. 118 Ohio St.3d 1461, 2008-Ohio-2823, 888 N.E.2d 1113.

## II. Legal Analysis

---

1. Torchik also appealed the decision granting summary judgment to the homeowner, Boyce. In his appellate brief, however, Torchik withdrew that assignment of error. Boyce filed a motion to dismiss, which the court granted. *Torchik v. Boyce*, 4th Dist. No. 06CA2921, 2008-Ohio-399, ¶ 1, fn. 1.

A. *The Fireman's Rule*

{¶ 6}  The fireman's rule is a principle that limits a landowner's duty to police officers and firefighters in certain circumstances.  It provides that "[a]n owner or occupier of private property can be liable to a firefighter or police officer who enters premises and is injured in the performance of his or her official job duties if (1) the injury was caused by the owner's or occupier's willful or wanton misconduct or affirmative act of negligence; (2) the injury was a result of a hidden trap on the premises; (3) the injury was caused by the owner's or occupier's violation of a duty imposed by statute or ordinance enacted for the benefit of fire fighters or police officers; or (4) the owner or occupier was aware of the fire fighter's or police officer's presence on the premises, but failed to warn them of any known, hidden danger thereon."  *Hack v. Gillespie* (1996), 74 Ohio St.3d 362, 658 N.E.2d 1046, syllabus.  If none of the four conditions applies, a landowner or occupier owes no duty to a firefighter or police officer who is injured while performing official duties on the landowner's or occupier's premises.

{¶ 7}  We discussed the origins of the fireman's rule in *Hack.*  Initially, its basis was that firefighters and police officers were classified as licensees.  Id. at 364, 658 N.E.2d 1046; see also *Gibson v. Leonard* (1892), 143 Ill. 182, 32 N.E. 182, overruled, *Dini v. Naiditch* (1960), 20 Ill.2d 406, 170 N.E.2d 881; *Scheurer v. Trustees of the Open Bible Church* (1963), 175 Ohio St. 163, 23 O.O.2d 453, 192 N.E.2d 38.  This meant that landowners owed no duty to them as long as "the owner of the premises was not guilty of any willful or wanton misconduct or affirmative act of negligence; there was no hidden trap or violation of a duty prescribed by statute or ordinance (for the benefit of the policeman) concerning the condition of the premises; and the owner did not know of the policeman's presence on the premises and had no opportunity to warn him of the danger."  Id. at paragraph two of the syllabus.  In *Scheurer*, this court stated, "Policemen and

firemen do not come upon private property in the performance of their official duties by invitation, express or implied, nor by the consent or acquiescence of the owner, nor are they trespassers. Policemen and firemen enter upon premises in the performance of a public duty under a permission created by law and their status is that of licensees, and the owner of the premises owes them no greater duty than that due a licensee. Their status in no sense depends upon who calls them or turns in the alarm." Id. at 169, 23 O.O.2d 453, 192 N.E.2d 38.

{¶ 8} We created an exception to this licensee classification by looking to where the injury occurred in *Brady v. Consol. Rail Corp.* (1988), 35 Ohio St.3d 161, 519 N.E.2d 387. In that case, a police officer was injured while chasing a robbery suspect over property owned by a railroad in the area where the railroad right-of-way intersected with the public right-of-way. Because the land was open for use by the general public, and because it was reasonable for a landowner to expect police presence and prepare for it, we determined that a police officer stands in the same position as others do. Id. at 163. Thus, we held that "[a] police officer who enters upon privately owned land in the performance of his official duty, and suffers harm due to a condition of a part of the land held open to the public, is an invitee in the same manner as other private citizens lawfully using such land." Id. at paragraph one of syllabus.

B. *Policy Justifications for the Rule*

{¶ 9} We changed the focus of the rule altogether in *Hack,* 74 Ohio St.3d 362, 658 N.E.2d 1046. "Ohio's Fireman's Rule is more *properly* grounded on policy considerations, not artificially imputed common-law entrant classifications. Indeed, persons such as fire fighters or police officers who enter land pursuant to a legal privilege or in the performance of their public duty do not fit neatly, if ever, into common-law entrant classifications." (Emphasis sic.) Id. at 365-366.

{¶ 10} Instead, *Hack* offered several policy considerations that justify limiting a landowner's duty to firefighters and police officers: (1) "fire fighters

and police officers can enter the premises of a private property owner or occupant under authority of law"; (2) landowners or occupiers cannot anticipate the presence of safety officers on the premises and would be too burdened if they owed them a duty of reasonable care; (3) all citizens share the benefits provided by firefighters and police officers and, therefore, should share in the cost of workers' compensation provided to police officers and firefighters injured on the job; and (4) firefighters and police officers assume the risk of injury by the very nature of their chosen profession and are trained to expect the unexpected. Id. at 367, 658 N.E.2d 1046.

{¶ 11} The question now before us is whether these reasons apply with equal force to insulate independent contractors from liability. We have already held that an independent contractor's lack of a property interest in the premises negates the contractor's ability to rely on defenses traditionally created for property owners. In *Simmers v. Bentley Constr. Co.* (1992), 64 Ohio St.3d 642, 597 N.E.2d 504, we held that "[a]n independent contractor who creates a dangerous condition on real property is not relieved of liability under the doctrine which exonerates an owner or occupier of land from the duty to warn those entering the property concerning open and obvious dangers on the property." Id. at syllabus. Instead, we determined that the contractor's duty to the plaintiff depended upon the relationship between the parties and the foreseeability of injury to someone in the plaintiff's position. Id. at 645.

{¶ 12} A landowner's or occupier's liability in tort to persons injured upon their premises is based on the owner's or occupier's power and right to admit people to the premises and to exclude people from it. *Wills v. Frank Hoover Supply* (1986), 26 Ohio St.3d 186, 188, 26 OBR 160, 497 N.E.2d 1118. Because police officers and firefighters may enter premises under authority of law, however, a landowner's or occupier's right to control who enters the property

is compromised. On the other hand, an independent contractor has no property interest in the premises and no right to exclude others from the land.

{¶ 13} Coupled with the owner's lack of control over the presence of police or firefighters on the property, the unexpected presence of these safety forces underpins the fireman's rule. In *Brady*, we reasoned that because a police officer or firefighter is just as likely as anyone else to be on property held open for *public* use, a police officer's or firefighter's presence was not unforeseeable, and the landowner did owe a duty of care. Id. 35 Ohio St.3d at 163-164, 519 N.E.2d 387. But in both *Scheurer* and *Hack*, the owners of *private* property owed no duty because they could not reasonably anticipate the presence of police officers or firefighters.

{¶ 14} In contrast, an independent contractor's duty of care does not depend on whether the presence of a police officer or firefighter is expected. Once the independent contractor has completed a project on property, the contractor's duty is set with respect to all who may be foreseeably injured due to the contractor's negligence. See *Jackson v. Franklin* (1988), 51 Ohio App.3d 51, 53, 554 N.E.2d 932. An injury is foreseeable if the independent contractor knew or should have known that its breach of duty was likely to result in harm to someone. *Simmers*, 64 Ohio St.3d at 645, 597 N.E.2d 504.

{¶ 15} Finally, assumption of the risk is also inapplicable to a situation involving an independent contractor. Firefighters and police do not assume a special risk of injury from the work of independent contractors when the risk of being injured by the contractor's negligence applies equally to all. It would be illogical to insulate an independent contractor from a negligence claim simply because the person injured happened to be a police officer or firefighter acting in the scope of his or her official duties.

## III. Conclusion

**{¶ 16}** Accordingly, we hold that an independent contractor whose negligence is alleged to have caused injury to police officers or firefighters acting in the scope of their official duties is not relieved of potential liability under the fireman's rule. Because the rule does not apply to appellee, Daniel Heskett, to relieve him of any duty as a matter of law, this case must be analyzed under the ordinary principles of negligence. The judgment of the Ross County Court of Appeals is reversed, and the cause is remanded to the trial court.

Judgment reversed
and cause remanded.

MOYER, C.J., and PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, and CUPP, JJ., concur.

_____

Todaro & Wagoner Co., L.P.A., Frank E. Todaro, and Robert J. Wagoner, for appellant.

John C. Nemeth & Associates, David A. Herd, and John C. Nemeth, for appellee.

Livorno & Arnett Co., L.P.A., and Henry A. Arnett, urging reversal for amicus curiae Ohio Association of Professional Fire Fighters.

Robert W. Kerpsack Co., L.P.A., and Robert W. Kerpsack, urging reversal for amicus curiae Ohio Association for Justice.

_____