PENDREY, APPELLANT, *v.* BARNES, APPELLEE.

[Cite as Pendrey *v.* Barnes (1985), 18 Ohio St. 3d 27.]

(No. 84-1586—Decided June 19, 1985.)

28

*Sheldon S. Wittenberg, Gallon, Kalniz & Iorio Co., L.P.A.,* and *Joseph F. Albrectha,* for appellant.

*Neipp & Wingart Co., L.P.A.,* and *Robert J. Bahret,* for appellee.

*Per Curiam.* The issue before us is, as it was in *Ross* v. *Nutt* (1964), 177 Ohio St. 113 [29 O.O.2d 313], whether the operator of a motor vehicle who leaves his motor vehicle unattended with the key in the ignition and the door unlocked is liable for injuries sustained to a third person resulting from the negligent operation of the motor vehicle by a thief. For the reasons set forth herein we reaffirm *Ross,* affirm the court below, and hold that the theft of the motor vehicle was a sufficient superseding cause to, as a matter of law, absolve appellee from responsibility for appellant's injuries.

This court held in *Ross:*

"The violation by the operator of a motor vehicle of a city ordinance prohibiting the leaving of an unattended motor vehicle without locking the ignition and removing the key does not impose liability on such operator for the negligent operation of such vehicle by a thief, causing injuries to a third person." *Id.* at syllabus.

The underlying rationale for the *Ross* decision was "to hold defendant liable would require him to have anticipated not one but two probable consequences as a result of his leaving his key in his car." *Id.* at 115. In short, while the theft may have been anticipatable, the subsequent negligent use of the vehicle to injure a third party was not. Thus, "there was an efficient intervening cause, a new and independent force which severed the chain of causation." *Id.*

Since *Ross,* this court has had occasion to review the question of what constitutes an intervening or superseding cause to breach the chain of proximate causation. In *Strother* v. *Hutchinson* (1981), 67 Ohio St. 2d 282 [21 O.O.3d 177], we held a directed verdict in favor of a defendant to have been erroneously granted when the defendant shot a robber as the latter, who was driving an automobile, entered a busy intersection and subsequently collided with the vehicle of a third party. *Strother,* however, is inapposite to the cause *sub judice* because the defendant knew, or should have known, that shooting an individual entering a busy intersection could

cause injuries to others. In the instant case appellee may have foreseen the possibility of her car being stolen, but no action or inaction on her part could have induced negligent or reckless behavior on the part of the car thief once the car had already been taken.

The weight of authority supports the view that an accident caused by an intermeddler, who was enabled to misappropriate a vehicle by the owner's having left the car unattended and the key in the ignition, will not create liability for the car's owner. Annotation, Liability of Motorist who Left Key in Ignition for Damage or Injury Caused by Stranger Operating the Vehicle (1972), 45 A.L.R. 3d 787; Restatement of the Law 2d, Torts (1965) 88, 89-90, Section 302B, Comment *d.* (Illustration 2 to Comment *d* specifically sets forth the general fact pattern herein and absolves that hypothetical owner of liability.)

Appellant argues that subsequent to the *Ross* decision, Ohio's Legislature adopted R.C. 4511.661 which, like the municipal ordinance in *Ross,* prohibits leaving an automobile unattended with the keys in the ignition. However, there is no evidence to suggest this provision is designed to impose strict liability against car owners who have their cars stolen when the car thief uses the car to injure third parties. See, generally, 1979 Ohio Atty. Gen. Ops. No. 79-073, at 2-237.

Appellant also argues that statistical data accumulated by the United States Justice Department supports the proposition that stolen cars, many of which have had keys left in their ignitions, have a tendency to become involved in accidents. This argument, however, is better directed towards the legislature than the courts. The implications of, by judicial fiat, making every owner of an automobile an insurer for injuries to third parties which may be occasioned by the negligent or reckless acts of a car thief are unacceptable. We decline to adopt such proposition.

As we noted in *Ross,* the acts of an intermeddler, after the car has been stolen, are a sufficient intervening or superseding cause to break the chain of causation with respect to the car's owner. We therefore find summary judgment to have been properly granted to appellee.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and WRIGHT, JJ., concur.

DOUGLAS, J., dissents.