JOURNAL ENTRY AND OPINION
Betty Alberty, plaintiff-appellant, appeals from the Cuyahoga County Court of Common Pleas, Civil Division, grant of summary judgment in favor of the defendants-appellees, J.C. Partners Limited, et al.[1] Having reviewed the record of the proceedings and the legal arguments presented by the parties, we affirm the decision of the lower court.
The appellant instituted the instant action against the appellees alleging that while she was an employee of Midwest Housing Partnership, hereinafter Midwest, she developed a lung disease as a result of mold exposure in the basement of the appellees' building where the Stockyard Area Development Association, hereinafter SADA, a partner of Midwest, housed its offices. The appellant claims that the appellees negligently and recklessly contributed to the damp and moldy conditions in her basement office space.
Midwest is a corporation consisting of a joint venture between two not-for-profit organizations, Cudell Improvement, hereinafter Cudell, and SADA. Midwest is a community based organization that assists residents in the Cudell and Stockyard areas of Cleveland in renovating their property and improving their neighborhoods.
The appellant worked for SADA and, upon formation of Midwest, the appellant began working for Midwest as a housing specialist.
As a housing specialist, the appellant assisted and provided direction to Midwest's clients in various housing related issues. Midwest's offices were located in the Gilbert building, a property owned by the appellees. SADA leased office space from the appellees for $600 per month, but in 1994, a decrease in HUD funding resulted in a substantial budget cut and SADA could no longer afford to pay rent for office space in the Gilbert building.
In order to continue operations, Bill Callahan, the director of SADA, approached the appellees and asked to use the basement of the Gilbert building free of charge. The appellees agreed to allow SADA to use the basement on the condition that they assume the responsibility to care for the space.[2] SADA painted the walls of the basement, added drywall partitions, and provided its own heating and de-humidifiers. All of the basement improvements were performed by and for the benefit of SADA. Additionally, although SADA did not pay rent for the basement space, it did lease out a portion of the basement to the Cleveland City Schools which operated a GED class in the provided space. SADA profited $150 per month from this arrangement even though it paid no rent to the appellees.
The appellant began working from this basement space in the summer of 1995. The appellant testified that during this time she did not notice any moisture or standing water in the basement, nor did she feel that there were any potential health risks associated with the basement. In the fall of 1996, the appellant left the basement office and did not return until May of 1997. From May through June of 1997, the appellant worked each Thursday from the basement office and it is during this time that the appellant claims that she contracted a lung disease as a result of mold growth which had accumulated in the basement during her absence.
The appellant assigns two errors for this court's review.
The appellant's first assignment of error states:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEES J.C. PARTNERS, GILBERT JANKE AND JAMES CHAPMAN.
Essentially, the appellant argues that the trial court was given sufficient evidence of a factual dispute and only by ignoring the facts or its obligation to construe the facts most strongly in the appellant's favor could the trial court have found summary judgment appropriate.
This court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993), 87 Ohio App.3d 704. An appellate court reviewing the grant of summary judgment must follow the standards set forth in Civ.R. 56(C). The reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion. Saunders v. McFaul (1990), 71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992), 79 Ohio App.3d 735, 741.
 Civ.R. 56 provides that summary judgment may be granted only after the trial court determines: 1) no genuine issues as to any material fact remain to be litigated; 2) the moving party is entitled to judgment as a matter of law; and 3) it appears from the evidence that reasonable minds can come but to one conclusion and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party. Norris v. Ohio Std. Oil Co. (1982), 70 Ohio St.2d 1; Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317.
It is well established that the party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. Celotex Corp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v, Wheeler (1988), 38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
In Dresher v. Burt (1996), 75 Ohio St.3d 280, the Ohio State Supreme Court modified and/or clarified the summary judgment standard as applied in Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108. Under Dresher, * * * the moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact or material element of the nonmoving party's claim. Id. at 296. The nonmoving party has a reciprocal burden of specificity and cannot rest on mere allegations or denials in the pleadings. Id. at 293. The nonmoving party must set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Id.
"To defeat a motion for summary judgment filed by defendant in a negligence action, plaintiff must identify a duty, or duties, owed him by the defendant, and the evidence must be sufficient, considered most favorably to the plaintiff, to allow reasonable minds to infer that a specific duty was breached, that the breach of duty was the proximate cause of plaintiff's injury, and that plaintiff was injured." See Wellman v. East Ohio Gas Co. (1953), 160 Ohio St. 103, 51 O.O. 27. In Ohio, the status of the person who enters upon the land of another; i.e., trespasser, licensee, or invitee, continues to define the scope of the legal duty that the landowner owes the entrant. Shump v. First Continental-Robinwood Assoc.(1994), 71 Ohio St.3d 414, 417. Whether a duty exists is a question of law for the court to determine. Mussivand v. David (1989), 45 Ohio St.3d 314, 318. The legal status of a party is a question of law and not a question of fact. Kirschnick v. Jilovec (Aug. 31, 1995), Cuyahoga App. No. 68037, unreported, 1995 Ohio App. LEXIS 3773, citing Mussivand v. David (1989), 45 Ohio St.3d 314, 318. See, also, Wiley v. National Garages, Inc. (1984), 22 Ohio App.3d 57, 62, 488
("The question of whether undisputed facts, essential to the determination of the plaintiff's status, show him to be a licensee or invitee, is a legal question for the court."); Texler v. Di Borally (Oct. 22, 1998), Cuyahoga App. No. 73443, unreported, 1998 Ohio App. LEXIS 4992.
In the case at hand, the trial court correctly determined that the appellant was a licensee.[3] A licensee is a person who enters the premises of another by permission or acquiescence, for his own pleasure or benefit, and not by invitation. Provencher v. Ohio Dept. of Transp. (1990), 49 Ohio St.3d 265, 266. The appellees consented to the use of their basement space by SADA and its employees since SADA had lost most of its government funding and could no longer afford to pay rent. In no way did the appellees seek out SADA and offer it the use of the basement. Conversely, it was SADA that approached the appellees and inquired about using the basement free of charge. If the landowner gives the entrant privilege to use his land as a mere personal favor to the individual and where the entrant's presence upon the land is solely for his own purposes, in which the landowner has no interest, the entrant is a licensee. See Patete v. Benko (1986), 29 Ohio App.3d 325. A licensee includes "'[o]ne whose presence upon the land is solely for his own purposes, in which the possessor has no interest, and to whom the privilege of entering is extended as a mere personal favor to the individual, whether by express or tacit consent or as a matter of general or local custom.'" Garrard v. McComas (1982), 5 Ohio App.3d 179, 181, quoting from 2 Restatement of the Law 2d, Torts, Section 330, at Comment h; see, also, Scheibel v. Lipton (1951), 156 Ohio St., 311-313, applying 2 Restatement of the Law, Torts (1934), Sections 330, 331 and 342.
In the instant case, it was the desire of SADA to occupy the basement for its own benefit. There is no evidence to indicate that the appellees encouraged or induced SADA to use the basement space. The appellees received no benefit from SADA and the appellant's presence on the appellees' property, nor was SADA or the appellant invited to use the basement. The appellant's weak argument that the improvements to the basement constituted a benefit to the appellees is without merit. The improvements were performed by SADA for the sole benefit of SADA and its employees, and not the appellees.
Therefore, as a licensee, in order to prevail, the appellant must prove that the appellees acted willfully, wantonly, or recklessly. A licensee takes his license subject to its attendant perils and risks. The licensor is not liable for ordinary negligence and owes the licensee no duty except to refrain from willful, wanton or reckless conduct. Gladon v. Greater Cleveland Regional Transit Auth. (1996), 75 Ohio St.3d 312, 315, citing Shump, 71 Ohio St.3d 414, 417.
In the case at hand, there is simply no evidence to indicate that the appellees acted in a willful, wanton or reckless manner. The appellant has presented no evidence that the appellees would have reason to know that the condition of the basement involved an unreasonable risk of harm. The appellant, as well as others, worked out of the basement for over two years without incident. Further, basements by nature are more damp and humid than other areas above ground and, as such, more conducive to mold growth. The fact that mold accrued in the basement does not constitute a dangerous condition which would give rise to licensor liability.
The appellant has failed to set forth specific facts by the means listed in Civ.R. 56(C) showing a genuine issue for trial exists. Accordingly, the lower court's grant of summary judgment was proper and supported by existing law.
The appellant's first assignment of error is not well taken.
The appellant's second assignment of error states:
 II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO APPELLEE W.S.E.M. CHILD DEVELOPMENT CENTER.
In the complaint, the appellant alleges that W.S.E.M. was negligent in that plumbing fixtures located in the W.S.E.M classrooms overflowed causing water to flow into the SADA offices located in the basement and that this leakage caused or contributed to the development of mold in the basement. The trial court granted summary judgment to W.S.E.M because the appellant was unable to demonstrate that it was probable or foreseeable to W.S.E.M. that any water overflow that may have occurred would result in an injury to the appellant. The appellant argues that the trial court erred because a particular injury does not need to be anticipated and it is enough that any injury may result.
The rule of proximate cause "`requires that the injury sustained shall be the natural and probable consequence of the negligence alleged; that is, such consequence as under the surrounding circumstances of the particular case might, and should have been foreseen or anticipated by the wrongdoer as likely to follow his negligent act.'" Ross v. Nutt (1964),177 Ohio St. 113, 114, 29 O.O.2d 313, 314, quoting Miller v. Baltimore 
Ohio Southwestern RR. Co. (1908), 78 Ohio St. 309, 325. See, also, Pendrey v. Barnes (1985), 18 Ohio St.3d 27. Damages for an injury resulting from a negligent act of the defendant may be recovered if a reasonably prudent and careful person, under the same or similar circumstance, should have anticipated that injury to the plaintiff or those in a like situation would probably result. Jeffers v. Olexo (1989), 43 Ohio St.3d 140, 145.
In the case at hand, the trial court was correct in granting summary judgment in favor of W.S.E.M. The appellant has clearly failed to demonstrate that her injury was a foreseeable result of any alleged negligence on the part of W.S.E.M. and, as a result, the appellant has failed to establish proximate cause. The appellant contends that as the water overflowed it accumulated in the basement, mold thereafter developed on the basement walls and, as a result of her exposure to the mold, the appellant developed a severe lung condition. This argument is without merit. This scenario is clearly beyond what a reasonably prudent person would expect as a consequence of water overflowing into a basement. The appellant's contention is far-fetched and beyond the scope of reason.
Accordingly, the trial court was correct in granting summary judgment in favor of W.S.E.M. The appellant's second assignment of error is not well taken.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KARPINSKI, P.J., and PORTER, J., CONCUR.
[1] The defendants-appellees Gilbert Janke and Reverend James Chapman formed the limited partnership, J.C. Partners, when they purchased the Gilbert School building in 1990. Co-defendant, W.S.E.M Child Care Development Center, leased classroom space from J.C. Partners in the Gilbert School building.
[2] The basement was used solely as a storage area before SADA's occupancy.
[3] The appellant cites to Shump v. First Continental-Robinwood Assoc.(1994), 71 Ohio St.3d 414, for the argument that common law classifications of invitee, licensee and trespasser do not govern the rights between an owner and a tenant or between an owner and one who is lawfully at the tenant's leasehold. This case is easily distinguished from the case at hand in that there is no leasehold in the case at bar.