OPINION
{¶ 1} Plaintiffs-appellants, John and Terri Magill, appeal from the decision of the Butler County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Maria Misquez.
 {¶ 2} The record reveals the following facts relevant to this appeal: On July 20, 2002, appellee and Alisha Moore ("Alisha") were traveling in appellee's car in the vicinity of Middletown. Alisha was driving. At some point, the two women passed another vehicle traveling in the opposite direction. In that vehicle were Jeffrey Brown, appellee's ex-boyfriend, and Victor Moore ("Victor"), Alisha's ex-husband. Brown, who was driving, did a U-turn and the two men began following appellee's vehicle.
 {¶ 3} Appellee testified at her deposition that, at that time, she and Alisha had restraining orders in place against Brown and Victor, respectively. She further testified that when she and Alisha saw Brown's vehicle reverse direction and begin following them, they became frightened. Consequently, they began driving frantically towards the Middletown police station.
 {¶ 4} Appellee and Alisha arrived at the police station. Once there, both women exited the vehicle. Appellee testified that "the passenger side door didn't open on the car, we both jumped out of the driver's side, ran in, we was yelling help, I was yelling, help, help." Appellee further testified that when she and Alisha left the vehicle, the key was still in the ignition. She could not remember, however, whether the engine was still running.
 {¶ 5} Victor followed the women into the police station. Inside, in the vicinity of the dispatcher's desk, a struggle ensued between Victor and Alisha as Victor attempted to coerce Alisha back outside. Appellant John Magill ("Officer Magill"), a police officer with the city of Middletown, was summoned to the dispatcher's desk. After observing Victor assaulting Alisha, Officer Magill attempted to place Victor under arrest, but Victor eluded him and fled outside.
 {¶ 6} Officer Magill and another officer pursued Victor outside to where appellee's vehicle was located. Officer Magill testified by affidavit that when he pursued Victor outside, he observed that the engine in appellee's vehicle was running. He further testified that Victor entered appellee's vehicle before the officers could subdue him.
 {¶ 7} The officers then attempted to pull Victor from the vehicle, but were unsuccessful. Victor put the vehicle into gear and began driving away. As he did so, Officer Magill was dragged between 20 and 50 feet, then fell to the pavement. Officer Magill testified that the fall caused, among other injuries, a fracture to his left wrist and arm.
 {¶ 8} On July 18, 2003, appellants filed a complaint against Victor and appellee to recover for the injuries Officer Magill suffered in the fall from appellee's vehicle. In the complaint, appellants alleged that appellee was negligent when she left her vehicle unattended, with the engine running, in front of the Middletown police station. The complaint further alleged that her negligence provided Victor a means of escaping arrest and facilitated his unlawful actions against Officer Magill.
 {¶ 9} Appellee filed a motion for summary judgment in which she argued that she was entitled to judgment as a matter of law because her negligence, if any, was not the proximate cause of Officer Magill's injuries. She argued that even if an owner of a vehicle negligently leaves that vehicle unattended and with the keys in the ignition, a car thief's subsequent negligent operation of a stolen automobile is an intervening cause that breaks the chain of causation.
 {¶ 10} On June 29, 2005, the trial court entered summary judgment in favor of appellee. This appeal followed, in which appellants raise the following single assignment of error:
 {¶ 11} "THE COURT OF COMMON PLEAS ERRED IN GRANTING SUMMARY JUDGMENT BECAUSE A GENUINE ISSUE OF MATERIAL FACT EXISTS AS TO WHETHER IT WAS FORSEEABLE BY MISQUEZ THAT THEFT MIGHT OCCUR FOLLOWED BY A POLICE PURSUIT WITH POSSIBLE INJURIES TO THE PUBLIC WHEN SHE LEFT HER VEHICLE RUNNING IN FRONT OF THE POLICE STATION."
 {¶ 12} Summary judgment is appropriate when the following have been established: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only come to a conclusion adverse to the nonmoving party. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66.
 {¶ 13} When reviewing a motion for summary judgment, the lower court and appellate court utilize the same standard; we review the judgment independently and without deference to the trial court's determinations. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296.
 {¶ 14} Appellants contend that summary judgment was not proper in this case because there is a genuine issue of material fact concerning their claim that appellee negligently left her vehicle unattended with the engine running. Specifically, appellants contend that it is a question for the jury to decide whether it was foreseeable that a thief might steal appellee's car, and that a police pursuit with possible injuries to Officer Magill would follow.
 {¶ 15} In Ross v. Nutt (1964), 177 Ohio St. 113, the Ohio Supreme Court reviewed two cases similar to the one at bar. InRoss, an owner of a vehicle left his vehicle unattended, with the ignition unlocked, on a public street. The vehicle was stolen, and while in the possession of the thief, became involved in an accident.
 {¶ 16} The trial court in Ross directed verdicts in favor of the defendant at the conclusion of the plaintiffs' evidence. On appeal, the issue before the court was whether the owner of the vehicle could be liable for the injuries to third persons resulting from the thief's negligent operation of the vehicle. In addressing the issue, the court focused on the proximate cause element of negligence and held the following:
 {¶ 17} "The proximate cause of the injuries in the instant cases was the negligent act of the thief in the operation of the vehicle. Thus, even assuming negligence on the part of the defendant in the first instance in leaving his key in the vehicle * * *, the chain of causation was broken by the negligence of the thief in operating the vehicle. In other words, there was an efficient intervening cause, a new and independent force which severed the chain of causation." Id. at 115.
 {¶ 18} In Pendrey v. Barnes (1985), 18 Ohio St.3d 27, the court reaffirmed its holding in Ross. In Pendrey, the defendant parked her vehicle in the lot of her brother's apartment complex and left her keys in the ignition and the doors unlocked. The vehicle was subsequently stolen and involved in an accident in which Pendrey suffered injuries.
 {¶ 19} Pendrey sued for personal injuries sustained in the accident, and the trial court granted a motion for summary judgment in favor of the defendant. On review, the Court noted that the issue in the case, similar to the issue in Ross, was "whether the operator of a motor vehicle who leaves his motor vehicle unattended with the key in the ignition and the door unlocked is liable for injuries sustained to a third person resulting from the negligent operation of the motor vehicle by a thief."
 {¶ 20} Like the court in Ross, the Pendrey court held that "the theft of [a] motor vehicle was a sufficient superseding cause to, as a matter of law, absolve [the defendant] from responsibility for [the plaintiff's] injuries." Id. at 28.
 {¶ 21} On the basis of Ross and Pendrey, we find the trial court properly granted summary judgment in favor of appellee. Construing the facts of this case most strongly in favor of appellants, reasonable minds can only conclude that appellee is entitled to judgment as a matter of law.
 {¶ 22} Judgment affirmed.
Bressler and Hendrickson, JJ., concur.
Hendrickson, J., retired, of the Twelfth Appellate District, sitting by assignment of the Chief Justice, pursuant to Section6(C), Article IV of the Ohio Constitution.