[Cite as *Revlock v. Lin*, 2013-Ohio-2544.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 99243

---

## JEFFREY REVLOCK

### PLAINTIFF-APPELLANT

vs.

## HENGWEI LIN

### DEFENDANT-APPELLEE

---

## JUDGMENT:
### AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-779101

**BEFORE:**  Kilbane, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**  June 20, 2013

**ATTORNEYS FOR APPELLANT**

Murray Richelson
Daniel M. Katz
David A. Katz Co., L.P.A.
842 Terminal Tower
50 Public Square
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEE**

Michael A. Paglia
John A. Rubis
Ritzler, Coughlin & Paglia, Ltd.
1360 East Ninth Street
1000 IMG Center
Cleveland, Ohio 44114

MARY EILEEN KILBANE, J.:

{¶1} This is an accelerated appeal brought pursuant to App.R. 11.1 and Loc.App.R. 11.1.

{¶2} Plaintiff-appellant, Jeffrey Revlock ("Revlock"), appeals from the trial court's decision granting summary judgment in favor of defendant-appellee, Hengwei Lin ("Lin"). For the reasons set forth below, we affirm.

{¶3} In March 2012, Revlock, a police officer for the Richfield Police Department, filed a lawsuit against Lin for injuries he sustained from a motor vehicle accident while responding to a call that a vehicle driven by Lin "slid off" the highway. On March 30, 2011, Lin was traveling on Interstate 77, which was covered with snow and ice, when he lost control of his vehicle and ended up 50 feet off the highway in the median. Revlock parked his police cruiser in the far left portion of the road, with his flashing lights engaged. After speaking with Lin, Revlock returned to his police cruiser where he sat in the front seat and wrote a crash report and a ticket for Lin's failure to maintain control. While completing the paperwork, Revlock's police cruiser was struck from behind by Candace Fredrickson ("Fredrickson"). Fredrickson observed the police cruiser, but slid on the icy road when she applied her brakes, causing her to crash into Revlock's vehicle.

{¶4} Revlock settled his claims against Fredrickson and pursued a negligence

action against Lin. Revlock alleged that Lin negligently failed to control and operate his vehicle, which proximately caused the accident between his police cruiser and Fredrickson's vehicle. He further alleged that as a proximate result of Lin's negligence, he sustained permanent injuries. Lin filed an answer, and after discovery, he filed a motion for summary judgment arguing that he owed no duty to Revlock, nor were his actions the proximate cause of Revlock's injuries. Revlock opposed, arguing that issues of fact remain as to causation and that Lin was liable for Revlock's injuries under the rescue doctrine. In November 2012, the trial court granted Lin's motion for summary judgment, finding that Lin did not owe a duty to Revlock. The trial court also found that the "fireman's rule," an exception to the rescue doctrine, acts as a bar to recovery for firemen and police officers where a third party's negligence caused injury to the rescuer.

{¶5} Revlock now appeals, raising the following four assignments of error for review.

### Assignment of Error One

The trial court erred in sua sponte granting summary judgment on an issue not raised in the briefs.

### Assignment of Error Two

The trial court erred in applying the "Fireman's Rule" when [Lin] failed to plead it in his answer as an affirmative defense.

### Assignment of Error Three

The trial court erred in applying the "Fireman's Rule" to the case at bar.

### Assignment of Error Four

The trial court erred in granting summary judgment as proximate cause is an issue of fact.

{¶6} Within these assigned errors, Revlock challenges the trial court's decision, arguing that it erroneously decided the case, sua sponte, on the fireman's rule when it was not raised by the parties or pled by Lin as an affirmative defense, the fireman's rule does not apply to motor vehicle accidents, and genuine issues of fact exist with respect to proximate cause.

Standard of Review

{¶7} We review an appeal from summary judgment under a de novo standard of review. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241; *Zemcik v. LaPine Truck Sales & Equip. Co.*, 124 Ohio App.3d 581, 585, 706 N.E.2d 860 (8th Dist.1998). In *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201, the Ohio Supreme Court set forth the appropriate test as follows:

Pursuant to Civ.R. 56, summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party, said party being entitled to have the evidence construed most strongly in his favor. *Horton v. Harwick Chem. Corp.*, 73 Ohio St.3d 679, 1995-Ohio-286, 653 N.E.2d 1196, paragraph three of the syllabus. The party moving for summary judgment bears the burden of showing that there is no genuine

issue of material fact and that it is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 1996-Ohio-107, 662 N.E.2d 264, 273-274.

{¶8}   Once the moving party satisfies its burden, the nonmoving party "may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."   Civ.R. 56(E); *Mootispaw v. Eckstein*, 76 Ohio St.3d 383, 385, 1996-Ohio-389, 667 N.E.2d 1197. Doubts must be resolved in favor of the nonmoving party.   *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 1992-Ohio-95, 604 N.E.2d 138.

{¶9}   We first address Revlock's argument that the trial court improperly granted Lin's motion for summary judgment by sua sponte raising the fireman's rule exception to the rescue doctrine because that exception was not discussed by Lin in his motion for summary judgment.

{¶10} Ohio's fireman's rule generally refers to situations regarding a landowner's liability to police officers and fire fighters.  *See Hack v. Gillespie*, 74 Ohio St.3d 362, 364, 1996-Ohio-167, 658 N.E.2d 1046 (where   the Ohio Supreme Court reexamined the fireman's rule in the context of the liability of an owner of private property to a fire fighter who enters the premises and, while performing his official duties, suffers harm as a result of the condition of the premises.)   The *Hack* court noted that:

The term "Fireman's Rule," which is used to include fire fighters and police

officers, refers to a common-law doctrine originally formulated in *Gibson v. Leonard* (1892), 143 Ill. 182, 32 N.E. 182. *See* Strauss, Where There's Smoke, There's The Firefighter's Rule: Containing The Conflagration After One Hundred Years 1992 Wis.L.Rev. 2031. *Gibson* classified fire fighters as licensees entering upon property for their own purposes and with the consent of the property owner or occupant.[2] 1992 Wis.L.Rev. at 2034. Thus, the landowner or occupant owed no duty to the fire fighter unless the fire fighter's injury was caused by the owner's or occupier's willful or wanton misconduct. 1992 Wis.L.Rev. at 2031, fn. 2. *Id.* at 364.

[fn.2 *Gibson v. Leonard* (1892), 143 Ill. 182, 32 N.E. 182, is no longer the law in Illinois. In *Dini v. Naiditch* (1960), 20 Ill.2d 406, 416, 170 N.E.2d 881, 885, the Illinois Supreme Court determined that "the common-law rule labeling firemen as licensees is but an illogical anachronism, originating in a vastly different social order, and pock-marked by judicial refinements, it should not be perpetuated in the name of 'stare decisis.'" See, also, Stern, Firemen's Recovery from Negligent Landowners (1967), 16 Cleve. Mar.L.Rev. 231, 248.]

{¶11} In support of his argument that the trial court erred by discussing the fireman's rule, Revlock cites *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 526 N.E.2d 798 (1988). In *Mitseff*, the Ohio Supreme Court held that "[a] party seeking summary judgment must specifically delineate the basis upon which summary judgment is sought in order to allow the opposing party a meaningful opportunity to respond." *Id.* at syllabus. According to the *Mitseff* court, requiring the moving party to be specific as to the reasons for which it seeks summary judgment provides the nonmoving party with "the information needed to formulate an appropriate response as required by Civ.R. 56(E)."

*Id.* at 115.

{¶12}   However, the instant case differs from *Mitseff*.   Here, Revlock had notice that summary judgment may be entered against him, and he was not deprived of "a meaningful opportunity to respond" to Lin's motion or a meaningful opportunity to address the fireman's rule exception.   In fact, Revlock introduced the rescue doctrine in his brief in opposition to Lin's summary judgment motion.   In his brief in opposition, he specifically argued that under the rescue doctrine Lin is responsible for any injuries Revlock sustained.   Given that Revlock raised the rescue doctrine, we cannot say that he was deprived of the information needed to formulate an appropriate response as required by Civ.R. 56(E) when the trial court included the fireman's rule exception as an alternate basis that bars recovery.

{¶13} Revlock also argues that the trial court erred in applying the fireman's rule because Lin failed to plead it in his answer as an affirmative defense.   As stated above, the trial court discussed the fireman's rule in response to Revlock's introduction to the rescue doctrine in his brief in opposition to Lin's motion for summary judgment.   In its opinion, the trial court used the rule as additional support as to why Lin owed no duty of care to Revlock.   The basis of Lin's motion for summary judgment was that he never owed Revlock a duty of care.   In his answer, Lin denied that he was in anyway negligent for Revlock's injuries, and he further asserted that Revlock assumed the risk.   Thus, Revlock's argument is misplaced.

{¶14} Accordingly, the first and second assignments of error are overruled.

**{¶15}** In the third assignment of error, Revlock argues that the trial court erred when it relied on the fireman's rule to grant Lin's summary judgment motion. However, as previously mentioned, the trial court's use of the fireman's rule was not the sole basis in granting summary judgment. The trial court first stated: "[Lin] did not owe a duty to [Revlock;] therefore [Revlock] is barred from recovery against [Lin.]" The court then stated: "[Revlock's] application of the [rescue] doctrine is appropriate in the instant case, as [Revlock] was attempting to rescue [Lin.] The fireman's rule, an exception to the '[rescue] doctrine' *also* applies in instant action." (Emphasis added.)

**{¶16}** Because Lin owed no duty to Revlock, Revlock suffered no prejudice when the trial court also included this exception in its decision. *See Ballinger v. Leaniz Roofing, Ltd.*, 10th Dist. No. 07-AP-696, 2008-Ohio-1421 (where the Tenth District Court of Appeals distinguished *Mitseff* and noted that the trial court's mention of comparative negligence was not a principal reason for the trial court's ruling. The *Ballinger* court found that the portion of the trial court's decision, which references comparative negligence, could be stricken without having any effect on the outcome of the case.) *See also Hunter v. Wal-Mart Stores, Inc.*, 12th Dist. No. CA2001-10-035, 2002 Ohio App. LEXIS 2732 (May 28, 2002) (where the Twelfth District Court of Appeals distinguished *Mitseff* and held that plaintiff was not deprived of "a meaningful opportunity to respond" to defendant's motion for summary judgment or a meaningful opportunity to address the constructive notice issue when plaintiff specifically discussed the constructive notice issue in her memorandum submitted to the trial court in response

to defendant's summary judgment motion. The court further found that, even though defendant did not specifically discuss the constructive notice issue in its summary judgment motion, plaintiff suffered no prejudice when the trial court decided the motion on that issue. *Id.* at ¶ 13.)

{¶17} Therefore, the third assignment of error is overruled.

{¶18} In the fourth assignment of error, Revlock argues that the trial court erred when it granted summary judgment because genuine issues of fact remain with respect to the issue of proximate cause. Specifically, the issue of whether it was foreseeable another vehicle could "slide off" the Interstate and injure Revlock. He contends this issue should be decided by a jury.

{¶19} In order to establish negligence, Revlock must demonstrate that Lin owed him a duty of care, a breach of that duty, and injury proximately caused by the breach. *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77, 472 N.E.2d 707 (1984). The Ohio Supreme Court has found that an intervening act of negligence by a third party becomes a superseding cause, thereby breaking the causal chain and absolving the original tortfeasor of liability, when the intervening act is foreseeable. *Kay v. Cascone*, 6 Ohio St.3d 155, 159-161, 451 N.E.2d 815 (1983), paragraph one of the syllabus. Generally, questions relating to intervening acts and superseding causes are questions to be resolved by the finder of fact. *Id.* at paragraph two of the syllabus, citing *Mudrich v. Std. Oil Co.*, 153 Ohio St. 31, 90 N.E.2d 859 (1950). The Sixth District Court of Appeals found this

to also mean that where reasonable minds could not differ on such questions, they may be decided as a matter of law. [T]he Ohio Supreme Court has done so under certain circumstances. *See Pendry v. Barnes* (1985), 18 Ohio St.3d 27, 29, 479 N.E.2d 283 (any negligence on the part of a car owner who left keys in the ignition and the car running was, as a matter of law, superseded by the acts of a person who stole the car and subsequently injured another in an accident).

*Hicks v. Prelipp*, 6th Dist. No. H-03-028, 2004-Ohio-3004, ¶ 8.

{¶20} In the instant case, the trial court found as a matter of law that Lin did not owe a duty to Revlock; therefore, Revlock was barred from recovery against Lin. We agree with the trial court. There is nothing in the record that suggests that Lin should have foreseen that Fredrickson's vehicle would strike Revlock's police cruiser while he was completing paperwork. Thus, the trial court properly granted summary judgment in Lin's favor.

{¶21} Accordingly, the fourth assignment of error is overruled.

{¶22} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

MELODY J. STEWART, A.J., and
PATRICIA A. BLACKMON, J., CONCUR